UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

VANESSA DENISE SMITH,           )
                                )
            Plaintiff,          )
                                )
      v.                        )     No. 2:07-CV-41-JCH
                                )
DONALD TRAYNOR, et al.,         )
                                )
            Defendants.         )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Vanessa Denise Smith (registration no. 83333) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of her prison account statement for the six-month period immediately preceding the submission of her complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $61.83, and an average monthly account balance of $20.83.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $12.37, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), seeks monetary relief in this 42 U.S.C. § 1983 action against WERDCC employees Donald Traynor, Deborah Taylor, Stacy Hinch, Angela Pearl, and Cyndi Prudden. Plaintiff alleges that defendants Traynor, Taylor, Pearl, and Prudden were involved in issuing her a false conduct violation, resulting in plaintiff spending six days "in the hole" before being found not guilty. In addition, plaintiff alleges that, after the conduct violation was issued, defendant Hinch "ordered [her] to sit in the dayroom area [and next] ordered [her] to wheel [herself] into the rotunda and to remove [her] gloves." Thereafter, Hinch "placed handcuffs on [her]," and an unidentified correctional officer then pushed plaintiff in the wheelchair "to the medical dept., and from there to the hole."

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations against defendant Hinch do

not rise to the level of a constitutional violation and fail to state a claim or cause of action under § 1983. In addition, plaintiff's claims regarding the false conduct violation do not implicate constitutionally-protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Moreover, plaintiff's allegations do not indicate that she has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Driscoll v. Youngman, 124 F.3d 207, 1997 WL 581072, **2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell).

Last, plaintiff states that, before being taken to the hole, she went to the medical department, complained about painful swelling in her leg, and took "[her] insulin shot [and] pain medication." She states that her blood pressure was 224/120 and that she "was rushed to the hole in physical pain with [her] life in jeopardy of having a stroke." To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a

4

deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)(inmates have no constitutional right to particular type of treatment).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle v. Gamble, 429 U.S. at 106.  Furthermore, disagreement with treatment decisions does not rise to level of constitutional violation.  Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)(to establish deliberate indifference, plaintiff must show more than even gross negligence).  Plaintiff's allegations are not directed against a specified individual, or any of the named defendants, and are insufficient to indicate a deliberate indifference to serious medical needs.  Thus, to the extent that plaintiff is attempting to assert an Eighth Amendment claim for deliberate indifference to her medical needs, the claim is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $12.37 within thirty (30) days from the date of this order.  Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the

case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 8th day of January, 2008.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**